# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2026

Lyle W. Cayce
Clerk

No. 25-50686

Ernest Villa Marquez,

*Plaintiff—Appellant*,

*versus*

Sheriff Mike Griffis; Michael Gardner, *Commissioner*;
Shelly Jhonson, *Nurse*; Captain James McKinney; RN
Robin McCullough; Nurse Atticus Mose; Ector County,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CV-9

_____

Before Southwick, Duncan, and Engelhardt, *Circuit Judges.*
Per Curiam:[*]

Ernest Villa Marquez, Texas prisoner # 2537305, filed a 42 U.S.C. § 1983 complaint alleging that the defendants were deliberately indifferent to his dental and medical needs while he was a pretrial detainee. The district court granted summary judgment for the defendants based on the failure to exhaust administrative remedies, as duplicative where some defendants were

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sued in only their official capacities, and for failure to state a claim of deliberate indifference. Marquez moves to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because he will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

With minimal briefing, Marquez asserts that the defendants denied him adequate medical care for his dental problems. At no point, however, does he challenge the district court's reasons for dismissing the claims against each defendant. The claims are therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Marquez has failed to show a nonfrivolous issue with respect to the district court's dismissal of his § 1983 complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Marquez's motion for appointment of counsel is DENIED.